A. Lynn é Hijos de Pérez Moris *v.* Municipio de Yabucoa.

## Competencia por inhibitoria entre los Juzgados de San Juan (Catedral) y Yabucoa.

No. 1.—Resuelto en Mayo 22, 1903.

Competencia.—Efectos de comercio.—A falta de pacto expreso en contrario, la obligación de pagar el precio de géneros de comercio, vendidos al por menor, debe cumplirse en el mismo lugar donde se halla el estableciminto ó tienda en que se compraron, y es Juzgado competente para conocer de la correspondiente demanda, el de dicho lugar.

### EXPOSICIÓN DEL CASO.

*Resultando:* que Don Ramón Negrón Flores, como apoderado de la mercantil A. Lynn é Hijos de Pérez Moris, demandó en juicio verbal, en 7 de Marzo de 1903, y ante el Juzgado Municipal de Catedral, en esta Ciudad, al Alcalde y Concejales del Ayuntamiento de Yabucoa, para que satisficieran á sus representados la cantidad de catorce dollars, setenta y nueve centavos, que es en deberle la expresada Municipalidad, por efectos suministrados por dicha casa al extinguido Ayuntamiento de Maunabo, más los intereses legales y gastos del procedimiento, hasta el total solvento de la deuda; y admitida la demanda y citados los demandados en su domicilio, el Alcalde de Yabucoa, como representante de la Municipalidad, presentó escrito al Juzgado Municipal de dicho pueblo, estableciendo cuestión de competencia por inhibitoria, y alegando en apoyo de su pretensión, que la

No. 1.—Decided May 22, 1903.

acción ejercitada por el demandante es personal, y en estos
casos es Juez competente el del domicilio del demandado,
salvo los casos de sumisión expresa ó tácita; y dado traslado
al Fiscal Municipal, opinó que el Juzgado debía sostener su
competencia, y en su virtud, éste, por auto de 15 de Marzo
último, se declaró competente y ordenó se librara oficio al
Juzgado Municipal del Distrito de Catedral de San Juan,
requiriéndole de inhibición.

*Resultando:* que recibido dicho oficio en el Juzgado Mu-
nicipal del Distrito de Catedral de San Juan, dispuso éste la
suspensión del juicio, y que se oyera á la parte actora, la
que se opuso á la inhibitoria propuesta, fundándose en que la
acción ejercitada nace de un contrato de compra-venta, y es
Juez competente, en estos casos, el del lugar en donde se
entrega la cosa vendida.    Oido el Ministerio Fiscal, opinó
que es competente el Juzgado de Catedral de San Juan, por
ser este lugar en donde debe cumplirse la obligación; y el
Juzgado, por auto de 24 de Marzo, declaró sin lugar el
requerimiento de inhibición, hecho por el de Yabucoa, y
ordenó se comunicara á éste, con los testimonios necesarios,
para que manifestara si insistía en su pretensión, ó desistía
de ella, al objeto de cumplir con lo que dispone el artículo
98 de la Ley de Enjuiciamiento Civil.

*Resultando:* que recibidos en el Juzgado de Yabucoa, el
oficio y testimonio remitidos por el de Catedral de San Juan,
dictó auto en 27 de Marzo, insistiendo en la inhibitoria y
ordenando se comunicara al Juzgado de Catedral de San
Juan, á los efectos procedentes, y se remitieran las actua-
ciones á este Tribunal para la decisión de la competencia
suscitada.

*Resultando:* que comunicada á este último Juzgado la
anterior resolución, ordenó se elevaran las diligencias á este
Tribunal Supremo, previa citación y emplazamiento de las
partes, por el término legal; y recibidas finalmente en este
Tribunal las actuaciones de ambos Juzgados, se ordenó la

the contrary. The question being referred to the Municipal Fiscal of Yabucoa, he expressed the opinion that the court should maintain its jurisdiction, whereupon by an order dated March 15th last, the said court declared itself competent, and ordered that a writ be issued forbidding the Municipal Court of the "Catedral" district to further proceed in the case.

Upon receipt of said writ, the Municipal Court of the "Catedral", district of San Juan, ordered a stay of proceedings, and the plaintiff being heard, the inhibition was opposed by him on the ground that the action arose from a contract of purchase and sale, in which case the court of the place where the thing purchased was delivered has jurisdiction. The Fiscal having been heard he was of opinion that the "Catedral" Court of San Juan was competent to take cognizance of the matter, inasmuch as San Juan was the place where the obligation had to be performed. Thereupon the court by an order dated March 24th, declared that the inhibition of the Yabucoa Court could not be maintained and ordered that this decision be communicated to the said court together with the necessary certificates, in order that it might advise whether it insisted upon maintaining the position which it had taken or whether it would withdraw therefrom, for the purpose of complying with the provisions of article 98 of the Law of Civil Procedure.

Upon receipt of the official communication and the attestation forwarded by the Municipal Court of "Catedral", by the Municipal Court of Yabucoa, the latter, on March 27th, made an order insisting upon the writ of inhibition and directing that said order be communicated to the Municipal Court of "Catedral", San Juan, for its information and guidance, and that the record be forwarded to this court, for a decision upon the question of jurisdiction that had been raised.

The aforesaid order having been communicated to the

formación del apuntamiento, habiéndose señalado la vista, que tuvo lugar en el día de hoy.

Abogado del demandado: *Sr. Acuña* (Eduardo).

Fiscal del Tribunal Supremo: *Sr. del Toro.*

La parte demandante no compareció.

EL JUEZ ASOCIADO SR. MACLEARY, después de exponer los hechos anteriores, emitió la siguiente opinón del Tribunal:

*Considerando :* que á falta de pacto expreso, en contrario, la obligación de pagar el precio de géneros de comercio, vendidos al por menor, debe cumplirse en el mismo lugar donde se halla el establecimiento ó tienda en que se compraron, según así con frecuencia lo ha declarado ya este Tribunal Supremo, y ha sido la jurisprudencia última del Tribunal Supremo de España.

*Considerando :* que por existir en la Ciudad de San Juan el Establecimiento de Comercio del demandante, donde se compraron los artículos, único concepto atendible para los efectos de la competencia, es evidente que la obligación reclamada de pagar el precio, debe cumplirse en San Juan.

*Fallamos:* que debemos declarar, y declaramos, que es Juzgado competente para conocer de esta demanda, el Juzgado Municipal de Catedral, en San Juan, al que se remitirán todas las actuaciones, poniéndolo en conocimiento del de Yabucoa, siendo de cuenta respectiva de las partes las costas causadas.

Jueces concurrentes Sres. Presidente Quiñones y Asociados Hernández y Figueras.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de este caso.